CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 2 8 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RODNEY SCOTT BLANKENSHIP, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00230 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DANIEL A. BRAXTON, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Rodney Scott Blankenship, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Blankenship alleges that defendants failed to protect him from an assault by another inmate on March 7, 2006, and then improperly convicted him of fighting related to that assault. Blankenship admits that his appeal of his conviction and his grievances regarding this matter are still pending; nonetheless, he has filed the instant suit and seeks $18,000.00 in damages. Upon review of the complaint, I find that this action must be dismissed pursuant to 42 U.S.C. § 1997e(a)(2000).

## I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions under federal law. 42 U.S.C. § 1997e(a)(2000). Therefore, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). Inasmuch as Blankenship admits that the appeals of his conviction and on the response he received to his regular grievances related to this matter are still

pending, it is clear that he has failed to comply with pre-filing exhaustion requirements.

## II.

For the stated reasons, Blankenship's claims are dismissed pursuant to §1997e(a). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant, if known.

**ENTER**: This 28th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge